IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY LEE DOWNEY, JR.,** | ) | |
| Petitioner, | ) | Civil Action No. 7:19-cv-00483 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **MARK BRECKON, WARDEN,** | ) | By: Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

Jimmy Lee Downey, Jr., a federal inmate proceeding pro se, filed this amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. This matter is before the court on respondent's motion to dismiss or, in the alternative, for summary judgment. After reviewing the record, the court concludes that respondent's motion must be granted.

I.

Downey is in the custody of the Warden of United States Penitentiary ("USP") Lee. He is serving a term of 51 months imprisonment, after pleading guilty in the U.S. District Court for the Middle District of North Carolina to a single count of being a felon in possession of a firearm.

Downey filed the current petition pursuant to § 2241 on July 3, 2019. He was subsequently directed to submit an amended petition, which he filed on July 25, 2019.[1] On October 22, 2019, respondent filed a motion to dismiss or, in the alternative, for summary

---

[1] The original petition was unsigned.

1

judgment and attached memorandum, declaration, and exhibits.[2] Downey did not file a response.

Downey raises a single claim in the amended petition: that the Bureau of Prisons ("BOP") "failed [to calculate] and credit petitioner for jail time served before his federal sentencing." Am. Pet. at 7. He requests that "he be granted jail credit time from June 3, 2016 while being detain[ed] until sentence[ing] . . . ," id. at 8, on November 17, 2016.

## II.

Respondent first argues that the amended petition should be dismissed because Downey has failed to exhaust his administrative remedies. Resp. Mem. at 4. A district court should dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Although § 2241 does not contain a statutory exhaustion requirement, courts ordinarily require petitioners to exhaust available administrative remedies prior to seeking habeas review under § 2241. Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-92 (1973); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished) (citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)); see also United States v. Mercado, 37 F. App'x 698, 699 (4th Cir. 2002) (unpublished) (upholding dismissal for failure to exhaust BOP's administrative

---

[2] Respondent has included the declaration of Angela Kelly, a correctional program specialist with the Federal Bureau of Prisons, and related attachments. See Resp. Mem., Ex. 1 (Kelly Decl.). Because the court has considered Kelly's declaration and attachments in adjudicating the motion, the court will treat respondent's motion as one for summary judgment and has given appropriate notice. See Fed. R. Civ. P. 12(d); see also Notice (Dkt. No. 14).

2

remedies prior to filing § 2241 petition). Failure to exhaust may only be excused by a showing of cause and prejudice. McClung, 90 F. App'x at 445; see also Williams v. Breckon, No. 7:19CV00387, 2020 WL 1158255, at *2 (W.D. Va. Mar. 10, 2020) (quoting Carmona, 243 F.3d at 634 ("When legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies [the court] excuses this failure to exhaust.")).[3] Because the exhaustion requirement in habeas proceedings is judicially imposed, however, courts may, in their discretion, waive the requirement in certain circumstances, such as when administrative remedies would prove futile. Reeder v. Phillips, No. 1:07CV138, 2008 WL 2434003, at *3 (N.D. W. Va. June 12, 2008).

Respondent states that a review of the BOP's record system, SENTRY, shows that Downey has filed no administrative remedies while in BOP custody. Resp. Mem. at 4 (citing Kelly Decl., Att. H). Downey does not dispute that he failed to exhaust his administrative remedies before bringing the current action, nor does he suggest that he has been precluded from doing so by legitimate circumstances beyond his control or that pursuing those administrative remedies would be futile. See Carmona, 243 F.3d at 634; Williams, 2020 WL 1158255, at *2; Reeder, 2008 WL 2434003, at *3.[4] Therefore, the amended petition fails to state a claim upon which relief may be granted, see Fed. R. Civ. P. 12(b)(6), and should be dismissed.

---

[3] The court has eliminated internal quotation marks, alterations, footnotes, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

[4] Downey left the portions of the amended petition regarding earlier challenges to the determination, such as administrative appeals, blank. See Am. Pet. at 3-4. As noted above, Downey did not file a response to the motion to dismiss.

Next, respondent argues that summary judgment should be entered in his favor because Downey's federal sentence has been correctly calculated, and he is not entitled to any additional prior custody credit. Resp. Mem. at 4, 6-7. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Summary judgment is inappropriate "if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable party could return a verdict for the nonmoving party." Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50. In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. See id. at 255; Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins." United States v. Wilson, 503 U.S. 329, 330 (1992). Section 3585(b) provides:

4

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b); see also Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."); United States v. Brown, 997 F.2d 574 (4th Cir. 1992) (unpublished) (per curiam) ("Under 18 U.S.C. § 3585(b) (1988), a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence."); Barbati v. Warden, USP Lee County, No. 7:13CV00048, 2013 WL 3367536, at *3 (W.D. Va. July 5, 2013 ("Thus, by statute, the BOP cannot grant prior custody credit for time served before commencement of the defendant's federal sentence, if the prisoner has received credit for that custody toward another sentence." (citing Brown, 997 F.2d 574)).

Downey was arrested by North Carolina state authorities on April 1, 2015, on charges of possession of a firearm by a felon and assault by pointing a firearm. Kelly Decl. ¶ 4. He was subsequently arrested by state authorities for various state charges. Id. ¶¶ 6, 12. On March 28, 2016, Downey was indicted by a federal grand jury in the Middle District of North Carolina for the offense of felon in possession of a firearm based on the April 1, 2015, arrest. Id. ¶ 5; see also Resp. Mem. at 3.

On November 17, 2016, Downey was "borrowed" by federal authorities pursuant to a federal writ of habeas corpus ad prosequendum. Kelly Decl. ¶ 9; see also id., Att. D.[5] After pleading guilty and being sentenced, he was returned to the custody of state authorities that same day. Kelly Decl. ¶ 9. Downey began serving his federal sentence on January 3, 2018, the date on which state authorities released him on parole to federal custody. Resp. Mem. at 3; Kelly Decl. ¶ 12. Respondent states that Downey was awarded a total of 18 days of prior custody credit toward his federal sentence. Resp. Mem. at 3-4 (citing Kelly Decl. ¶ 12). Specifically, Downey received credit for April 1, 2015, because the state arrest that day gave rise to the federal charge. Resp. Mem. at 3 (citing Kelly Decl., Att. G).[6] He received 17 additional days credit toward his federal sentence for time spent in jail for state arrests following the initial April 1, 2015 arrest. Id. (citing Kelly Decl., Att. G). In her declaration, Kelly avers that:

> The BOP has prepared a sentence computation for Petitioner, based on a 51-month term of imprisonment commencing on January 3, 2018. Petitioner has been awarded 18 days of prior custody credit toward his federal sentence. After Petitioner's April 1, 2015 state arrest and release, he was later arrested on several occasions for various offenses including impaired driving, driving while license revoked, assault by pointing a gun, and felonious restraint. Petitioner spent a total of 18 days in state custody for arrests which occurred after the commission of the offense for which for which his federal sentence was imposed, and which were not applied toward his state sentence. All other time Petitioner spent in custody prior to the commencement of his federal sentence on January 3, 2018 was credited against his state sentence.

---

[5] "When an inmate has sentences imposed by two different sovereigns, such as federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." McCollough v. O'Brien, No. 7:06CV00712, 2007 WL 2029308, at *1 (W.D. Va. July 10, 2007). A state with primary jurisdiction over an inmate, in this case North Carolina, "does not relinquish primary jurisdiction by allowing federal authorities to borrow the inmate under a writ ad prosequendum." Id.

[6] Downey was released the same day as his arrest. Resp. Mem. at 2 (citing Kelly Decl., Att. A); see also Kelly Decl., Att. G.

Kelly Decl. ¶ 12; see also id., Att. G at 3.

Downey has provided nothing to counter respondent's statement of the facts beyond his allegations in the amended petition that the BOP miscalculated and failed to credit him with the proper amount of jail time served prior to commencement of his federal sentence. See Am. Pet. at 3, 7, 8, He submitted no counter-affidavits or declarations, or any other evidence, in opposition to respondent's motion. "When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or depositions, answers to interrogatories, and admissions on file, designate specifics facts showing that there is a genuine issue for trial." Shahan v. Ormond, No. 3:18CV200-HEH, 2018 WL 6681210, at *2 (E.D. Va. Dec. 19, 2018) (quoting Celotex Corp., 477 U.S. at 324), aff'd, 777 F. App'x 217 (4th Cir. 2019) (unpublished) (per curiam). Downey has not demonstrated a genuine issue of material fact, and, therefore, the court concludes that respondent is entitled to judgment as a matter of law.

### III.

Based on the foregoing, the court concludes that Downey has neither exhausted his administrative remedies nor demonstrated a genuine issue of material fact. Accordingly, the court will grant respondent's motion and dismiss the amended petition with prejudice. An appropriate order will issue this day.

**ENTER**: This  21st  day of September, 2020.

Michael F. Urbanski
Chief U.S. District Judge
2020.09.21 13:43:36 -04'00'

Michael F. Urbanski
Chief United States District Judge